Thomas E. Duckworth (CSB #152369)
Mark C. Peters (CSB #160611)
DUCKWORTH & PETERS, LLP
235 Montgomery Street, Suite 1010
San Francisco, CA  94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
Email:       tom@dpllplaw.com
             mark@dpllplaw.com

Attorneys for Plaintiff
ANTON YRURE

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*E-FILED - 10/19/06*

ANTON YRURE,

       Plaintiff,

vs.

RACKABLE SYSTEMS, INC., RACKABLE CORPORATION, and DOES 1 through 25, inclusive,

       Defendants.

Case No.:  CV 06-04205 RMW

**STIPULATION AND ORDER FOR FILING OF AMENDED COMPLAINT**

IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys of record that Plaintiff may file an Amended Complaint, a copy of which is attached hereto.

IT IS FURTHER STIPULATED that the defendant waives notice and service of the amended complaint and shall not be required to answer the amendment, and that all denials,

-1-
STIPULATION FOR FILING OF AMENDED COMPLAINT

responses and affirmative defenses contained in the answer filed by defendant to the original complaint shall be responsive to the amended complaint.

IT IS SO STIPULATED.

Dated: October 11, 2006

CARLTON DiSANTE & FREUDENBERGER LLP

By: /s/ Kent J. Sprinkle
Mark S. Spring
Kent J. Sprinkle
Attorneys for Defendant
ANTON YRURE

Dated: October 6, 2006

DUCKWORTH & PETERS, LLP

By: /s/ Mark C. Peters
Mark C. Peters
Attorneys for Plaintiff
ANTON YRURE

IT IS SO ORDERED that plaintiff may file his Amended Complaint, a copy of which is attached hereto.

Dated: October 18, 2006

/s/ Ronald M. Whyte
UNITED STATES DISTRICT JUDGE

-2-

STIPULATION FOR FILING OF AMENDED COMPLAINT

1  Thomas E. Duckworth (CSB #152369)
   Mark C. Peters (CSB #160611)
2  DUCKWORTH & PETERS, LLP
   235 Montgomery Street, Suite 1010
3  San Francisco, CA  94104
   Telephone: (415) 433-0333
4  Facsimile: (415) 449-6556
   Email:       tom@dpllplaw.com
5                 mark@dpllplaw.com

6  Attorneys for Plaintiff
   ANTON YRURE
7

8          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                    COUNTY OF SANTA CLARA

10                      (Unlimited Jurisdiction)

11 ANTON YRURE                          Case No.:

12         Plaintiff,                   **AMENDED COMPLAINT FOR DAMAGES**

13     vs.
                                        1. Discrimination on the Basis of Disability
14 RACKABLE SYSTEMS, INC., RACKABLE        Cal. Gov. Code §12940 et seq;
   CORPORATION, and DOES 1 through 25,  2. Failure to Prevent Discrimination
15 inclusive,                              Cal. Gov. Code §12940(k);
                                        3. Termination in Violation of Public Policy;
16                                      4. Retaliation
           Defendants.                     Cal. Gov. Code §12940 et. seq.;
17                                      5. Unfair business practices
                                           Cal. Bus. & Prof. Code §17200, et seq.;
18                                      6. Violation of California Family Rights Act
                                           Cal. Gov. Code § 12945.2; and
19
                                        **DEMAND FOR JURY TRIAL**
20

21     Plaintiff ANTON YRURE alleges as follows:

22                    **GENERAL ALLEGATIONS**

23     1.   Plaintiff ANTON YRURE (hereinafter "YRURE" or "PLAINTIFF") is currently
24 a resident of Sacramento County, California.

25     2.   At all times relevant herein, defendant RACKABLE SYSTEMS, INC. was and is

26

27
                                    -1-
                      AMENDED COMPLAINT FOR DAMAGES

a corporation incorporated under the laws of the State of Delaware, and doing business in Santa Clara County, California.

3. At all times relevant herein, defendant RACKABLE CORPORATION was and is a corporation, form unknown, and doing business in Santa Clara County, California (RACKABLE SYTEMS, INC. and RACAKBLE CORPORATION are hereinafter collectively referred to as "RACKABLE" or "the company").

4. YRURE sues fictitious DEFENDANT DOES 1-25 because their names and/or capacities and/or facts showing them to be liable are not known presently. On information and belief, YRURE alleges that their identities and/or capacities shall be ascertained through discovery. YRURE will seek leave to amend this complaint to show their true names and capacities when the same has been ascertained. On information and belief, YRURE alleges that each defendant designated herein as fictitious DEFENDANTS were in some manner responsible for the occurrences and damages alleged herein.

5. YRURE is informed and believes and thereon alleges that each of the DEFENDANTS herein, including those fictitiously named, were at all times relevant to this action, the agent, employer, partner, supervisor, managing agent, joint venturer, alter ego or part of an integrated enterprise of the remaining DEFENDANTS and each were acting within the course and scope of that relationship.

6. YRURE is further informed and believes and thereon alleges that each of the defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining defendants, including those fictitiously named defendants.

7. YRURE began his career with RACKABLE in August 1999, when he was hired as the first employee by the three co-founders of the company. Initially, YRURE's responsibilities included server assembly, software installation, on-site installation, repair, shipping, receiving, inventory control and general office manufacturing setup. Initially, YRURE worked six to seven days per week, 12-14 hours per day trying to maintain and grow

the business.

8. As RACKABLE grew, YRURE's responsibilities increasingly focused on the manufacturing department, over which he was in charge and for which he interviewed and hired all personnel.

9. In 2000, YRURE was promoted to the position of manufacturing manager for the company, and had sole responsibility for the manufacturing and operations of RACKABLE.

10. In 2002, YRURE was again promoted to Senior Manufacturing Manager, responsible for internal manufacturing.

11. In 2004, in recognition of his product knowledge and outstanding commitment to the company and work ethic, YRURE was again promoted, this time to Director of Manufacturing. Shortly thereafter, the company re-organized and hired a Vice President of Operations (Roy Chang) whose responsibilities included overseeing both manufacturing and operations. YRURE's responsibilities following the re-organization grew to include management of both internal manufacturing and outsource manufacturing being performed by a contractor.

12. During his tenure with RACKABLE, YRURE was consistently praised and promoted by RACKABLE because YRURE showed an unwavering commitment to RACKABLE's success.

13. Throughout the duration of his employment, YRURE consistently worked in excess of 40 hours per week.

14. In 2005, RACKABLE was going through an Initial Public Offering ("IPO") and a slow-down or failure to meet production schedules could potentially have harmed investors and the company during this critical time. In order to ensure that production schedules were met, YRURE continued to work long hours throughout the duration of this period in spite of the fact he was experiencing adverse effects on his health.

AMENDED COMPLAINT FOR DAMAGES

15. After the production schedules were timely completed, YRURE sought medical attention. His doctor diagnosed him with pneumonia and gastroenteritis and YRURE was immediately hospitalized. Under his doctors' orders, YRURE remained hospitalized for three days.

16. Within weeks of this treatment, his doctor released him to return to a full-time work schedule. YRURE immediately returned to the more than full-time work schedule he had prior to being hospitalized. Upon his return, RACKABLE praised him for his continued efforts and on-going contributions to the company.

17. On or about August 18, 2005, Roy Chang, YRURE's manager, called YRURE into his office for a meeting. In that meeting, Mr. Chang berated YRURE as to virtually all areas of his work. At the end of the meeting, Mr. Chang warned that he would review YRURE's performance at the end of the quarter, that he could be terminated at any time and that YRURE was "lucky to have a job."

18. Immediately after the meeting, defendants removed YRURE's internal manufacturing responsibilities (effectively demoting him).

19. Soon thereafter, defendants took away YRURE's third quarter MBO bonus.

20. As a result of the on-going excessive work load, in combination with Mr. Chang's abusive and confrontational attack, as well as defendants' subsequent retaliatory and discriminatory conduct, as set forth herein, YRURE began to suffer physically and psychologically.

21. On or about August 22, 2005, YRURE returned to his doctor and was diagnosed with clinical depression. His doctor immediately placed him on medical leave.

22. YRURE immediately notified RACKABLE, through both the Human Resources Department and directly through his immediate supervisor, that he had been placed on medical leave. RACKABLE did not respond to any of YRURE's initial correspondence, and instead, approximately three weeks later, sent YRURE a letter accusing him of failing to notify his

supervisor and threatening him with termination. YRURE continued to correspond with RACKABLE, indicating his intention of returning to work as soon as he was released by his doctor. Never, at any time, did RACKABLE contact YRURE or engage in the interactive process to determine when or whether YRURE could return to work with an accommodation.

23. YRURE provided RACKABLE with notice each time his doctors' extended his leave. In December 2005 YRURE's doctor extended his medical leave to January 15, 2006.

24. On or about December 13, 2005, RACKABLE terminated YRURE.

25. Prior to filing this claim, YRURE filed a charge of discrimination with the DFEH. A true and correct copy of which is attached hereto as Exhibit A.

26. Prior to filing this claim, YRURE received a Right to Sue letter from the DFEH. A true and correct copy of which is attached hereto as Exhibit B.

## FIRST CAUSE OF ACTION

Violation of Cal. Gov. Code §12940
Discrimination on the Basis of Disability

As a first separate and distinct cause of action, YRURE complains of defendants and for a cause of action states:

27. Plaintiff incorporates by reference as though fully set forth herein, paragraphs 1-26, above.

28. At all times relevant to this Complaint, California Government Code § 12900 et seq. and its implementing regulations were in full force and effect.

29. Pursuant to Government Code § 12940(a) it is unlawful for an employer to discriminate against an employee because of that employee's physical or mental disability.

30. Pursuant to Government Code § 12940(m), it is unlawful for an employer to fail or refuse to provide a reasonable accommodation to an employee with a physical or mental disability.

31. Pursuant to Government Code § 12940(n), it is unlawful for an employer to fail to engage in the interactive process to assess whether or not a reasonable accommodation could be

-5-
AMENDED COMPLAINT FOR DAMAGES

made for an employee with a physical or mental disability.

32. Pursuant to Government Code § 12926 and § 12926.1, YRURE's diagnosis of clinical depression qualifies as a protected disability.

33. As set forth above, defendants violated Government Code § 12940(a), (m), and (n) by, among other things, discriminating against YRURE by terminating YRURE's employment while on disability leave, failing to provide a reasonable accommodation and failing to engage in the interactive process to assess whether or not a reasonable accommodation could be made.

34. As a direct and proximate result of defendants' wrongful conduct, YRURE has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

35. In doing the things alleged herein, defendants' conduct was despicable, and defendants acted toward YRURE with malice, oppression, fraud, and with willful and conscious disregard of YRURE's rights, entitling YRURE to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

Failure to Prevent Discrimination
California Government Code § 12940(k)

As a second separate and distinct cause of action, YRURE complains of defendants and for a cause of action states:

36. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1-35, as though fully set forth herein.

37. At all times relevant to this complaint, Government Code § 12940 and its implementing regulations were in full force and effect. Under Government Code § 12940(k), it is unlawful for an employer to fail to prevent disability discrimination from existing in the workplace.

38. In engaging in the conduct described above, defendants failed to engage in any reasonable steps to prevent disability discrimination in the workplace.

39. YRURE is informed and believes and thereon alleges that defendants do not have appropriate policies, procedures, practices, guidelines, rules, and/or trainings regarding the prevention of disability discrimination in the workplace.

40. As a direct and proximate result of defendants' wrongful conduct, YRURE has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

41. In doing the things alleged herein, defendants' conduct was despicable, and defendants acted toward YRURE with malice, oppression, fraud, and with willful and conscious disregard of YRURE's rights, entitling plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION

Wrongful Termination in Violation of Public Policy

As a third, separate, and distinct cause of action, YRURE complains of defendants and for a cause of action states:

42. YRURE incorporates by reference paragraphs 1-41, inclusive, of this Complaint as though fully set forth herein.

43. Defendants subjected YRURE to discrimination based on his disability, which led to his unlawful termination.

44. The actions complained of are in violation of California's public policy against employers discriminating in the terms and conditions of employment against an employee because of that person's age, medical condition and/or disability, which is expressed in California Government Code §§ 12926, 12940 and 12941 and the corresponding California Code of Regulations.

-7-
**AMENDED COMPLAINT FOR DAMAGES**

45. YRURE's disability was a motivating factor in defendants' decision to terminate YRURE's employment.

46. Defendants were aware of YRURE's disability and terminated him. YRURE is informed and believes and thereon alleges that defendants hired a manufacturing manager after he was terminated and who was not disabled.

47. As a proximate result of defendants' actions described in the general allegations, YRURE has suffered the loss of promotional opportunities, wages/salary, benefits, and additional amounts of money YRURE would have received had he not been discriminated against, which resulted in his unlawful termination.

48. As a further proximate result of defendants' actions, YRURE has been harmed in that YRURE has suffered humiliation, mental anguish, and emotional distress in an amount to be established at trial.

49. YRURE further alleges that defendants acted with fraud, oppression and malice, thus entitling YRURE to recover punitive damages sufficient to punish and make an example of defendants.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION

Retaliation, Cal. Gov. Code § 12940, et. seq.

As a fourth, separate, and distinct cause of action, YRURE complains of defendants and for a cause of action states:

50. YRURE incorporates by reference paragraphs 1-49, inclusive, of this Complaint as though fully set forth herein.

51. At all times relevant to this Complaint, California Government Code §§ 12940, 12945, 12945.2 and the corresponding Code of California Regulations were in full force and effect and were binding on defendants. These sections, inter alia, require defendants to refrain from retaliating against and/or interfering with employees who take disability and/or medical

leave.

52. YRURE exercised his right to disability and/or medical leave pursuant to the laws of the State of California. In retaliation for requesting leave, defendants terminated YRURE.

53. As a proximate result of defendants' actions described in the general allegations, YRURE has suffered the loss of promotional opportunities, wages/salary, benefits, and additional amounts of money YRURE would have received had he not been harassed and/or discriminated against, which resulted in his unlawful termination.

54. As a further proximate result of defendants' actions, YRURE has been harmed in that YRURE has suffered humiliation, mental anguish, and emotional distress in an amount to be established at trial.

55. YRURE further alleges that defendants, and each of them, acted with fraud, oppression and malice thus entitling YRURE to recover punitive damages sufficient to punish and make an example of the defendants and each of them.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CAUSE OF ACTION

Unfair or Unlawful Business Practice
Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.

As a fifth, separate and distinct cause of action, YRURE complains of defendants, and for a cause of action states:

56. YRURE hereby incorporate by reference paragraphs 1-55, inclusive, of this Complaint as though fully set forth herein.

57. Defendants engage in business practices, offer their goods and services for sale, and advertise their goods and services within the State of California. As such, defendants have a duty to comply with the provisions of the Unfair Business Practices Act, set forth in § 17200 et seq., of the California Business and Professions Code.

58. The Unfair Business Practices Act prohibits, inter alia, unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading business

-9-
AMENDED COMPLAINT FOR DAMAGES

practices by any person, firm, corporation, or association within the State of California.

59. Defendants, in committing the acts alleged in this Complaint, violated Business and Professions Code § 17200, et seq., by engaging in unfair and unlawful business practices. Defendants' acts constituted dishonest, deceptive, oppressive, unfair and destructive conduct.

60. Defendants' acts and practices as described in this Complaint violate Government Code §§ 12900 et seq., and the corresponding California Code of Regulations, and consequently constitute an unlawful and unfair business act or practice within the meaning of Business and Professions Code § 17200.

61. The unlawful, unfair or fraudulent business practices, as described above, present a continuing threat to members of the public. YRURE and other members of the general public have no other adequate remedy at law.

62. As a direct, foreseeable, and proximate result of the aforementioned acts and omissions, defendants have been unjustly enriched as a result of unfair practices.

63. The conduct of defendants constitutes unlawful and unfair acts in violation of the California Business and Professions Code §§ 17200, et seq., and on account thereof, YRURE is entitled to recover the expenses of this litigation, including but not limited to, reasonable attorneys' fees, for which defendants are liable to YRURE. As a direct, foreseeable and proximate result of the unfair business practices of defendants, YRURE has suffered damages as set forth herein, and prays for judgment as hereinafter set forth.

64. Pursuant to the remedies, procedures, and rights set forth in California Business and Professions Code § 17203, YRURE prays for judgment and relief as set forth hereinafter.

WHEREFORE, Plaintiff prays for relief as set forth below

### SIXTH CAUSE OF ACTION

Violation of California Family Rights Act
California Government Code § 12945.2

As a sixth, separate and distinct cause of action, YRURE complains of defendants, and for a cause of action states:

65. YRURE hereby incorporate by reference paragraphs 1-64, inclusive, of this Complaint as though fully set forth herein.

66. At all times relevant to this Complaint, California Government Code § 12945.2 and the corresponding Code of California Regulations were in full force and effect and were binding on defendants. These sections, inter alia, require defendants to refrain from discriminating, interfering or retaliating against employees who exercise their rights under the California Family Rights Act ("CFRA").

67. Defendants are covered employers as defined by the CFRA.

68. YRURE worked for defendants in excess of one year, and in excess of 1,250 hours in the year immediately prior to August 2005.

69. In August 2005, YRURE exercised his rights under the CFRA by taking medical leave.

70. YRURE's exercise of his CFRA rights was a motivating factor in defendants' decision to terminate YRURE's employment.

71. As a direct and proximate result of defendants' wrongful conduct, YRURE has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

72. YRURE further alleges that defendants, and each of them, acted with fraud, oppression and malice thus entitling PLAINTIFF to recover punitive damages sufficient to punish and make an example of the defendants and each of them.

WHEREFORE, YRURE prays for judgment against defendants as hereinafter set forth below.

## DAMAGES

WHEREFORE, YRURE prays for judgment against RACKABLE and Does 1 through 25, as follows:

1. For compensatory damages, including lost wages, lost employee benefits, mental

1  anguish, emotional distress, and other special and general damages according to proof;

2.  For an award of punitive damages on all causes of action;

3.  For an award of interest, including prejudgment interest, at the legal rate;

4.  For an award to PLAINTIFF of costs of suit incurred herein on all causes of action;

5.  For an award to PLAINTIFF of attorneys' fees and costs including expert costs pursuant to Government Code § 12965(b);

6.  For an award under Business and Professions Code § 17203; and

7.  For an award to PLAINTIFF of such other and further relief as this court deems just and proper.

Dated: October 6, 2006

DUCKWORTH & PETERS, LLP

By: _____
Mark C. Peters
Attorneys for Plaintiff
ANTON YRURE

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

Dated: October 6, 2006

DUCKWORTH & PETERS, LLP

By: _____
Mark C. Peters
Attorneys for Plaintiff
ANTON YRURE

-12-
AMENDED COMPLAINT FOR DAMAGES